## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-23689-CIV-ALTONAGA/Simonton

**KENNETH P. SHAW**, *et al.*,

      Plaintiffs,

vs.

**BROAD AND CASSEL**, *et al.*,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court upon the Motion to Disqualify Plaintiffs' Counsel . . . ("Motion") [ECF No. 19] filed by Defendants, Broad and Cassel, Broad and Cassel, P.A., Mark F. Raymond, Mark F. Raymond, P.A., Rhett Traband, Rhett Traband, P.A., and Juancarlos Sanchez (collectively, "Broad"), on December 1, 2011.  Broad seeks to disqualify the law firm of Feldman Gale, P.A. ("Feldman Gale") from representing Plaintiffs, Kenneth P. Shaw ("Mr. Shaw") and Shaw Rose Nets, LLC (collectively, "Shaw"), in this matter.  The Court has carefully considered the parties' written submissions and the applicable law.

### I. BACKGROUND

This is a legal malpractice case, premised on Broad's conduct in *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, Case No. 07-20199-Civ-Jordan ("Jordan case").  (*See* Mot. 1).  There, several rose importers, including Delaware Valley Floral Group, Inc. ("Delaware Valley") and Esprit Miami, Inc. ("Esprit"), sought a declaratory judgment that a patent belonging to Shaw for a method to grow roses ("the patent") was invalid and unenforceable.  (*See* Resp. 2 [ECF No. 32]).  In response, Shaw filed counterclaims for patent infringement against the importers.  (*See id.*).  During the litigation, Delaware Valley and Esprit were represented by

Case No. 11-23689-CIV-ALTONAGA/Simonton

Feldman Gale, and Shaw was represented by Broad.[1]  (*See* Mot. 1; Am Compl. ¶ 20 [ECF No. 1-2]).

Relying on uncorrected deposition testimony from Mr. Shaw that he first sold roses grown with his patented method in 1994, the district court entered final summary judgment against Shaw, invalidating the patent pursuant to 35 U.S.C. section 102(b) because Shaw did not file an application for the patent until 1996.[2]  (*See* December 10, 2008 Order Granting Plaintiffs' Motion for Summary Judgment, in *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, Case No. 07-20199-Civ-Jordan ("2008 Summary Judgment Order") [ECF No. 1-6]).  The court denied Shaw's subsequent motion for reconsideration, and on March 10, 2010, the United States Court of Appeals for the Federal Circuit affirmed the district court's rulings and the invalidation of the patent.  *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374 (Fed. Cir. 2010).

According to Mr. Shaw, he first sold roses grown with his patented method in 1995, not 1994.  (*See* Am. Compl. ¶ 29).  In the present legal malpractice suit, Shaw, represented by its former opponents' counsel, Feldman Gale, alleges its earlier counsel Broad allowed incorrect testimony to form part of the record by either failing to properly prepare Mr. Shaw prior to his deposition, or by failing to correct Mr. Shaw's mistaken testimony after it was given.  (*See id.* ¶

---

[1]  Broad denies that Shaw was represented by Broad and Cassel, P.A.  (*See* Answer ¶ 20 [ECF No. 42]).

[2]  Title 35 U.S.C. section 102(b) provides:

> A person shall be entitled to a patent unless . . . (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . .

35 U.S.C. § 102(b).

Case No. 11-23689-CIV-ALTONAGA/Simonton

50). Had accurate testimony been properly before the court, Shaw maintains that the order granting summary judgment would not have been entered. (*See id.*).

Broad now seeks to disqualify Feldman Gale from representing Shaw on the grounds that Feldman Gale's representation violates Rules 4-1.6 (confidentiality of information), 4-1.9 (conflict of interest with a former client), and 4-3.7 (lawyer as witness), of the Florida Bar Rules of Professional Conduct ("Florida Bar Rules"). (*See* Mot. 5–9). Shaw opposes disqualification of its chosen counsel, asserting Broad waived the right to file the Motion by not raising the issue sooner, Broad lacks standing to object, the grounds for disqualification lack merit as Feldman Gale is not acting in a manner materially adverse to its clients, and Feldman Gale attorneys are not necessary witnesses in this suit. (*See* Resp.). On December 28, 2011, four weeks after the present Motion was filed, Shaw submitted notice that Delaware Valley and Esprit had executed written waivers of conflict. (*See* Notice of Written Waivers of Conflict . . . "Notice Waivers") [ECF No. 36]). More recently, on January 9, 2012, Shaw filed copies of those waivers, showing Feldman Gale's former clients executed them on December 21 and 23, 2011. (*See* Waivers 4–8 [ECF No. 44]).

## II.  LEGAL STANDARD

Under Florida law, "[a]n order involving the disqualification of counsel must be tested against the standards imposed by the Rules of Professional Conduct." *Morse v. Clark*, 890 So. 2d 496, 497 (Fla. 5th DCA 2004) (citing *City of Lauderdale Lakes v. Enter. Leasing Co.*, 654 So. 2d 645 (Fla. 4th DCA 1995); *Cazares v. Church of Scientology of Cal., Inc.*, 429 So. 2d 348 (Fla. 5th DCA 1983)). Furthermore, "[d]isqualification of an attorney is an extraordinary remedy . . . . Such motions are generally viewed with skepticism because . . . they are often interposed for

3

tactical purposes." *Yang Enters., Inc. v. Georgalis*, 988 So. 2d 1180, 1183 (Fla. 1st DCA 2008) (internal quotation marks, brackets, and citations omitted). *See also* FLA. BAR R. PROF'L CONDUCT 4-1.7 cmt. (warning that an objection raised by opposing counsel "should be viewed with caution . . . for it can be misused as a technique of harassment").

### III. ANALYSIS

**A. Waiver**

Shaw asserts Broad is not in a position to seek disqualification because Broad waited until two months after the suit was filed to submit the present Motion. Certainly "[a] party can waive his right to seek disqualification of the opposing party's counsel by failing to promptly move for disqualification upon learning of the facts leading to the alleged conflict." *Zayas-Bayan v. Marcelin*, 40 So. 3d 870, 872–73 (Fla. 3d DCA 2010) (trial court departed from essential requirements of law by not concluding that right to seek disqualification was waived where parties had knowledge of the facts leading to the claimed conflict before suit was filed but did not move to disqualify counsel for more than two-and-a-half years after the suit was filed). Here, Broad first notified Feldman Gale that Broad believed Feldman Gale had a disqualifying conflict before suit was filed, on June 20, 2011. (*See* Resp. 2). Upon suit being filed on October 12, 2011, Broad's counsel again notified Feldman Gale of the disqualification issue and inquired whether Feldman Gale's former clients had signed written waivers. (*See id.*). After not receiving a response from Fedman Gale, Broad filed the present Motion on December 1, 2011. Such a brief delay, and under the foregoing circumstances where Broad's objection was timely communicated and left unresolved, does not constitute waiver. *See Snyderburn v. Bantock*, 625 So. 2d 7, 13 (Fla. 5th DCA 1993) (finding no waiver when "the conflict and the objection were

Case No. 11-23689-CIV-ALTONAGA/Simonton

promptly brought to the attorney's attention, even though it appears there may have been some delay in filing a motion to disqualify").

### B.  Standing

Shaw next objects to the Motion on the ground that Broad lacks standing to seek to disqualify Feldman Gale based upon an alleged conflict arising from Feldman Gale's representation of Delaware Valley, Esprit, and Shaw.  The Florida Bar Rules set forth the standard that must be met for an opposing party to have standing to raise a conflict issue between another attorney and that attorney's clients: "Where the conflict [between a lawyer and that lawyer's clients] is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question."  FLA. BAR R. PROF'L CONDUCT 4-1.7 cmt.; *see also* FLA. BAR R. PROF'L CONDUCT 4-1.9 cmt. (citing FLA. BAR R. PROF'L CONDUCT 4-1.7 cmt.).  Thus, for Broad to have standing it must demonstrate that the conflict arising from Feldman Gale's representation of Shaw, Delaware Valley, and Esprit "is clear and [raises] the question of [the] fair and efficient administration of justice."  *Kenn Air Corp. v. Gainesville-Alachua Cty. Reg'l Airport Auth.*, 593 So. 2d 1219, 1222 (Fla. 1st DCA 1992) (granting standing to a party to move to disqualify the opposing party's attorney because of "two ethical violations that can be clearly seen by persons other than clients").

Broad asserts that the fair or efficient administration of justice is compromised because Feldman Gale "switched sides," moving from representing Delaware Valley and Esprit — the parties who opposed Shaw in the underlying patent case — to Shaw.  Broad explains that information obtained by Feldman Gale during its past representation of Delaware Valley and Esprit includes the weaknesses of the defendant-importers' positions in the underlying patent

case, information which can now be exploited by Shaw when litigating its "case-within-a-case."[3] According to Broad, this is a prime example of "'switching sides' to represent a client adverse to another existing or former client in a substantially related matter . . . [which involves] the public's perception of the integrity of the bar, and the appearance of impropriety that arises in such situations.'" (Mot. 5 (citing *Kenn Air*, 593 So. 2d at 1222–23) (internal quotation marks and brackets omitted)).

An attorney's "switching sides" without informed consent of the former client is an action constituting a "clear" violation of Rule 4-1.9.[4] The Motion presents the type of prohibited potential access to insider information for which Florida courts have granted standing to someone other than a client or former client to move for an attorney's disqualification. *See, e.g.*, *Kenn Air*, 593 So. 2d at 1222 ("[T]he comment to rule 4-1.9 references the comment to rule 4-1.7, which recognizes that someone other than a client or former client may move for disqualification in instances involving conflicts of interest in simultaneous representations. That circumstance exists when the conflict is clear and the question of fair and efficient administration of justice is raised.").

For Broad to have standing to object to Feldman Gale's representation of Shaw, it must

---

[3]  Under Florida law, the plaintiff in a legal malpractice suit must prove three elements: "(1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of loss to the client." *Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 39 (Fla. 2009) (quoting *Law Office of David J. Stern, P.A. v. Sec. Nat'l Servicing Corp.*, 969 So. 2d 962, 966 (Fla. 2007)).  The third element requires that the plaintiff demonstrate the underlying litigation would have concluded in its favor, as opposed to its loss, but for the attorney's negligence.  This requirement has been termed winning the "case-within-a-case."

[4]  "A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent . . . ." FLA. BAR R. PROF'L CONDUCT 4-1.9.

show circumstances amounting to an "appearance of impropriety" and which impact the "public's perception of the integrity of the bar." *Id.* at 1222–23. On December 1, 2011, the date Broad filed its Motion, Feldman Gale had not received the informed consent of its prior clients. Broad's Motion identifies clear violations of the Florida Bar Rules, demonstrating that, as "can be clearly seen by persons other than clients" who would typically not have access to any client waivers, Feldman Gale, possessing confidential information, inappropriately switched sides, casting an "appearance of impropriety." Broad certainly has standing to move to disqualify Feldman Gale. In any event, had Broad not raised the issue, the undersigned would have *sua sponte* raised it and invited briefing by the parties. *See, e.g.*, *United States v. Coleman*, 997 F.2d 1101, 1104 (5th Cir. 1993) ("[D]istrict court had the authority and duty to inquire *sua sponte* into whether counsel should not serve because of a conflict with another client.").

### C. Bases for Disqualification

As stated, Broad raises several grounds in support of the disqualification of Feldman Gale. Broad states Rule 4-1.6, "Confidentiality of Information," is violated. "A lawyer shall not reveal information relating to representation of a client . . . unless the client gives informed consent." FLA. BAR R. PROF'L CONDUCT 4-1.6. The purpose of this Rule concerning confidentiality is to engender "trust that is the hallmark of the client-lawyer relationship." *Id.* cmt. The Rule "affirmatively restrict[s] attorneys with 'inside' knowledge from using it for the gain of other clients." *Garfinkel v. Mager*, 57 So. 3d 221, 224 (Fla. 5th DCA 2010) (citing FLA. BAR R. PROF'L CONDUCT 4-1.6) (other citations omitted).

Broad asserts that Feldman Gale has violated this Rule because "by virtue of being represented by Feldman Gale, Shaw has actual or potential access to confidential information

Case No. 11-23689-CIV-ALTONAGA/Simonton

provided to Feldman Gale by Delaware Valley [and Esprit]," and can therefore profit from this information in its case-within-a-case.  (Mot. 6–7).

> Because of the necessity, in this malpractice action, for Shaw to prove his case-within-a-case against Delaware Valley, Shaw will benefit from Feldman Gale's access to information regarding the weaknesses of Delaware Valley's case against Shaw, which may put Feldman Gale in a conflict position regarding disclosing or using confidential information of one client, Delaware Valley, for the benefit of another client, Shaw.

(*Id.* 6).

Broad also maintains Rule 4-1.9, "Conflict of Interest with a Former Client," is violated.

Rule 4-1.9 of the Florida Bar Rules provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

FLA. BAR R. PROF'L CONDUCT 4-1.9.

According to Broad, in order for Shaw to prevail in the present legal malpractice case, it will need to demonstrate that Feldman Gale's former clients, Delaware Valley and Esprit, infringed on the patent and "provided false evidence in their sworn interrogatory answers in the underlying case [that Feldman Gale assisted them in preparing]" (Reply 4–5 [ECF No. 37]), thereby subjecting Delaware Valley and Esprit to perjury charges and otherwise compromising Delaware Valley's and Esprit's attorney-client privilege with Feldman Gale.  (*See id.* 6–7; Mot. 6, 8, 9).  As such, Broad asserts that Shaw's interests are materially adverse to those of Delaware Valley and Esprit, and consequently, Feldman Gale may not represent Shaw.  (*See* Reply 4–6).

8

The undersigned agrees with Broad that Shaw's interests in this matter are materially adverse to the interests of Delaware Valley and Esprit, and that Shaw has actual or potential access to confidential information provided to Feldman Gale by its former clients. However, Feldman Gale may represent Shaw if Delaware Valley and Esprit give "informed consent." FLA. BAR R. PROF'L CONDUCT 4-1.6, 4-1.9(a). Any conflict between Shaw's representation by Feldman Gale and the attorney-client privilege belonging to the two defendant-importers — the integrity of which Broad and the Court are concerned with — or with any other interest of Delaware Valley and Esprit, is waivable by the former clients. And in this case, after the present Motion was filed, both Delaware Valley and Esprit executed written waivers of conflict. (*See* Notice Waivers ¶ 4; Waivers 4–8). Now, Broad speculates that Delaware Valley and Esprit's consent is not "informed" because "the very fact that Feldman Gale argues that . . . there is no such conflict makes it questionable that Feldman Gale provided the [information] necessary for a conflict waiver to be valid and effective." (Reply 8). Admittedly, Broad lodged its objections to the waivers prior to their filing, not knowing the waivers' contents. But subsequent to Shaw's filing of the waivers, Broad has not requested the opportunity to submit any further argument addressing why the waivers are insufficient.

"A former client may consent to the employment of the attorney by an adverse party even where the former client is involved in the case as a party. . . . [T]his might typically occur where the former client realizes that any prior disclosures will not prejudice him in the new case." *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 89 (5th Cir. 1976) (internal citation omitted). This is precisely what Delaware Valley and Esprit have done here. The Court has examined the waivers and finds no indication that Delaware Valley or Esprit's consent was not

informed.  (*See* Waivers 4–8).  Moreover, Broad has not requested an evidentiary hearing or the opportunity to engage in discovery concerning the former clients' understanding of the nature of the conflict and how it may present itself during the course of this litigation.  Appropriately viewing Broad's Motion with "skepticism," and without more explanation from Broad beyond the conjecture presented prior to the waivers being revealed, there is no reason to discount the effectiveness of the waivers.  Accordingly, the waivers are preliminarily found to be sufficient under Rule 4-1.9(a) to permit Feldman Gale's representation of Shaw.

Lastly, Broad objects to Feldman Gale's role in this suit on the basis that it violates Rule 4-3.7, "Lawyer as Witness."  Except for certain circumstances listed in Rule 4-3.7, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client."  FLA. BAR R. PROF'L CONDUCT 4-3.7.  According to Broad, "[i]t is likely that [certain Feldman Gale] attorneys . . . would be called as witnesses at the trial of this matter," and "Feldman Gale attorneys [will] almost certainly be called as witnesses at deposition and trial."  (Mot. 9).

Broad suggests Feldman Gale attorneys' testimony will be necessary to impeach statements of the former clients made in their interrogatory answers in the Jordan case.  For example, as explained by Broad, Delaware Valley and Esprit swore in their interrogatory answers — which were presumably prepared with the assistance of Feldman Gale — that the method claimed in the patent was known by others at the time of Shaw's alleged date of invention, was well known to individuals having ordinary skill in the relevant art, and was used by others at the time of Shaw's purported invention.  (*See* Reply 5).  Esprit further swore that the patented method was known as early as 1975.  (*See id.*).  Although the Shaw patent was declared

Case No. 11-23689-CIV-ALTONAGA/Simonton

invalid in the Jordan case on the basis of the on-sale bar, to prevail here, Shaw will have to demonstrate that it would have won the prior invalidation proceeding on all grounds raised by Delaware Valley and Esprit for invalidation.  (*See id.*).  As Shaw's lawyers, Feldman Gale will necessarily have to prove its former clients were lying in the interrogatory answers Feldman Gale assisted them in preparing.  (*See id.*).

According to Shaw, however, it does not intend to call any Feldman Gale attorney as a witness.  (*See* Resp. 16–17).  Consequently, Rule 4-3.7 is not implicated.  "Rule 4-3.7 prohibits a lawyer from serving as trial counsel for a client where he is likely to be a necessary witness for that client. . . .    [The Rule] is inapplicable here  . . . [for] the rule contemplates the lawyer testifying on his client's behalf."  *AlliedSignal Recovery Trust v. AlliedSignal, Inc.*, 934 So. 2d 675, 678 (Fla. 2d DCA 2006) (alterations added).  The focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness.  *Id.*  Shaw has conceded that Feldman Gale attorneys are not necessary witnesses and has stated it will not call them to testify.

Moreover, "the requirement that a lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel."  *Alto Constr. Co., Inc. v. Flagler Constr. Equip., LLC*, 22 So. 3d 726, 728 (Fla. 2d DCA 2009) (internal quotation marks, brackets, and citation omitted).  Based on the foregoing, the Court does not find a violation of Rule 4-3.7.

## IV.  CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 19]** is **DENIED**.

11

Case No. 11-23689-CIV-ALTONAGA/Simonton

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February, 2012.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

12